UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LAWRENCE FELTZIN, Individually,     :
                                      :

          Plaintiff,              :

vs.                            :  Case No.

MINEOLA REALTY, LLC,          :
a New York Limited Liability Company,  :

          Defendant.        :
_____/:

### COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, LAWRENCE FELTZIN, Individually, on his behalf and on behalf of all other individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant, MINEOLA REALTY, LLC, a New York Limited Liability Company (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.    Defendant's property, a Wendy's restaurant, is located at 191 Jericho Turnpike, Mineola, NY 11501, in the County of Nassau.

2.    Venue is properly located in the Eastern District of New York because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

3.    Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. §2201 and §2202.

4.    Plaintiff Lawrence Feltzin is a Florida resident, is sui juris, and qualifies as an

individual with disabilities as defined by the ADA.  Mr. Feltzin is a paraplegic, and uses a wheelchair to ambulate.  Lawrence Feltzin has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property.  The Plaintiff has encountered architectural barriers at the subject property, which have impaired Mr. Feltzin's ability to unload from his vehicle to the disabled parking spaces safely at the premises, to get from the parking lot to the premises safely, to use restrooms safely, to access goods and services at the premises and to use the tables at the premises.  The barriers to access encountered by Mr. Feltzin are listed in paragraph 8, below.

5.      Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Wendy's restaurant and is located at 191 Jericho Turnpike, Mineola, NY  11501, in the County of Nassau.

6.      Lawrence Feltzin has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 8 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.  Mr. Feltzin lived in Long Island, NY, from 1969-2013, and regularly travels to New York to visit with friends and family who reside in New York.  Lawrence Feltzin desires to visit Wendy's not only to avail himself of the food and beverages available at the property, but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

7.      The Defendant has discriminated against the individual Plaintiff by denying him

access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the building, as prohibited by 42 U.S.C. § 12182 et seq.

8.      The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A preliminary inspection of the subject property has shown that violations exist.  These violations that Mr. Feltzin has personally encountered include, but are not limited to:

### Parking and Exterior Accessible Route

a.      Parking spaces provided by Wendy's are not maintained and contain slopes beyond limits and abrupt changes of level within the spaces, violating Sections 502 and 502.4 of the 2010 Accessibility Standards.  These conditions can cause Mr. Feltzin and those in wheelchairs to be tipped out of their chairs.

b.      Plaintiff, Lawrence Feltzin was impeded by a lack of compliant access aisles at Wendy's violating Section 502 of the 2010 Accessibility Standards.  The lack of access aisles does not provide adequate space for Mr. Feltzin to unload freely and safely from his van.

c.      Accessible parking provided by Wendy's leads to an improper curb ramp, violating Sections 402 and 406 of the 2010 Accessibility Standards.  This condition is unsafe for Mr. Feltzin and can cause his wheelchair to tip over.

d.      Parking provided at Wendy's fails to provide a safe accessible route from the parking area to the entrance, violating Section 502 of the 2010 Accessibility Standards.  Mr. Feltzin is forced to travel through slopes and changes of level to reach the entrance, which creates a dangerous situation.

e.      The exterior accessible route at Wendy's was found to contain cross slopes, abrupt changes of level and curb ramps with excessive slopes.  Those in wheelchairs, such as Mr. Feltzin, can be harmed by these conditions, violating Sections 403.4 and 402 of the 2010 Accessibility Standards, as this can cause him to fall out of his wheelchair..

f.      Wendy's fails to provide an accessible route to the adjacent street, sidewalk or bus stop, violating Section 206.2.1 of the 2010 Accessibility Standards.

**Access to Goods and Services**

     a.    Wendy's fails to provide an interior or exterior accessible table, violating Section 902 of the 2010 Accessibility Standards.

     b.    While entering Wendy's Mr. Feltzin was impeded by a lack of maneuvering clearance at the door, violating Section 404 of the 2010 Accessibility Standards, which prevents Mr. Feltzin from opening the door without assistance.

**Restrooms**

     a.    Mr. Feltzin was unable to use the restrooms freely and safely due to a lack of accessibility, including inaccessible lavatories, lack of maneuvering space and improperly designed water closets, violating the 2010 Accessibility Standards.

     b.    The dispensers could not be used by Mr. Feltzin because they were beyond reach of wheelchair users and are inaccessible to the plaintiff, violating Section 308 of the 2010 Accessibility Standards.

     c.    Lavatories lack accessibility preventing the plaintiff from freely accessing the lavatory, violating Section 606 the 2010 Accessibility Standards.

     d.    Wendy's provides restroom doors with improper door hardware, violating Section 404 of the 2010 Accessibility Standards.

     e.    The urinal was too high for use by Mr. Feltzin and others in wheelchairs, violating Section 605 of the 2010 Accessibility Standards.

9.    The foregoing violations also violate the 1991 Americans with Disability Act Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

10.    The discriminatory violations described in paragraph 8 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's restaurant and facilities, and have otherwise

been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

11.    Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

12.    Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between Plaintiff and Defendant, a remedy in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent injunction.

13.    Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14.    Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public

accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, per 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendant.

16.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the subject property to make the facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.     The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.     Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to

and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

        c.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

        d.      Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted,

Date: Sep. 11        , 2014

Asaad K. Siddiqi, Esq. (AS 9150)
Walder Hayden, P.A.
5 Becker Farm Road
Roseland, NJ 07068
973-992-5300
973-436-4226 - fax
aksiddiqi@walderhayden.com

Lawrence A. Fuller, Esq. (LF 5450)
FULLER, FULLER & ASSOCIATES, P.A.
Counsel for Plaintiff Lawrence Feltzin
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
Lfuller@fullerfuller.com